# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ERIC MALLETT,<br><br>   Petitioner,<br><br>   v.<br><br>C. TILESTON, et al.,<br><br>   Respondents. | Case No.: 1:12-cv-00617-LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS UNEXHAUSTED PETITION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

Petitioner filed the instant federal petition on March 12, 2012. (Doc. 1). Petitioner alleges that he is serving a sixteen year sentence arising from a June 9, 1999 conviction for voluntary manslaughter with use of a firearm. (Doc. 1, p. 2). Petitioner does not, however, challenge his conviction; rather, he challenges the result of a prison disciplinary hearing conducted for a Rules Violation Report dated November 23, 2010, charging Petitioner with possession of a weapon by an inmate. (Doc. 1, p. 7). Following the hearing, Petitioner was found guilty and sanctioned with the loss of 360 days' credits. (Id.). Although Petitioner exhausted his administrative remedies through the Third Level appeal in Sacramento, California, he has not presented his claims to any California state

1

court, much less the highest state court in California.  Accordingly, his petition is entirely unexhausted and should be dismissed.

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

Here, as discussed above, Petitioner has not indicated that he has ever presented the issues related to his 2010 Rules Violation Report to the California Supreme Court, as required by the exhaustion doctrine.  To the contrary, Petitioner has expressly left blank those areas of the form petition which would provide information about Petitioner's efforts to exhaust his claims in state court. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22

(1982); Calderon, 107 F.3d at 760. Therefore, the Court recommends that the petition be dismissed as entirely unexhausted.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition (Doc. 1), be DISMISSED because it is entirely unexhausted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 21, 2012**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE